**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 9, 2014


LETTER TO COUNSEL

        RE:     *Daniel Muir v. Commissioner, Social Security Administration*;
                Civil No. SAG-11-2041

Dear Counsel:


        Robert J. Tully, Esq. has filed a motion for attorney's fees pursuant to the Social Security
Act ("SSA"), 42 U.S.C. § 406(b), in conjunction with his representation of Daniel Muir before
this Court. (ECF No. 29).  The Commissioner objects to the award only to the extent that it
includes reimbursement for the filing fee. (ECF No. 30).  No hearing is necessary. Local Rule
105.6 (D. Md. 2014). For the reasons set forth below, Mr. Tully's motion is GRANTED in part
and DENIED in part.


        Mr. Tully requests $1,680.00 in attorney's fees and reimbursement of a $400.00 filing
fee. Defendant correctly classifies the filing fee as falling within the traditional purview of
"costs," as opposed to that of "attorney's fees."  Defendant is also correct that the window of
time in which Plaintiff could have asserted a claim for the filing fee as a cost under the Equal
Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, has passed.[1]  Although filing fees are not
usually awarded as a component of attorney's fees,[2] the Court will allow the filing fee as a
"reasonable fee for representation" in the instant case. *See* 42 U.S.C. § 406(b).


        The EAJA distinguishes between costs and attorney's fees, and authorizes a judgment of
costs, "not including the fees and expenses of attorneys," to the prevailing party in a civil action
brought by or against the United States.  28 U.S.C. § 2412(a).  Those judgments are paid by the
United States, rather than out of the client's past-due benefits (as is the case for attorney's fees
awarded under § 406(b)).  In that sense, it is generally in the client's best interests for an attorney
to request costs and fees under the EAJA to the extent that they may be available, prior to

---

[1] A claim for a judgment under the EAJA must be filed within 30 days of the entry of final judgment. 28 U.S.C. §
2412(d)(1)(B).  In a case remanded under Sentence Four of § 405(g) of the Social Security Act ("SSA"), the entry of
final judgment occurs once the time to appeal the court's order has expired. *Melkonyan v. Sullivan*, 501 U.S. 89, 96
(1991).  In this case, the time to appeal the Court's January 3, 2013 Sentence Four remand order expired 60 days
after its entry.  Fed. R. App. P. 4(a)(1)(B).  The EAJA claim deadline was 30 days later.  Mr. Tully's original motion
for attorney's fees was filed on March 20, 2014, nearly a year after the EAJA claim deadline passed.

[2] Typically, if a social security claimant is indigent, counsel seeks to have court costs and fees waived via a motion
for leave to proceed *in forma pauperis*.  If a claimant is not indigent, counsel can make a claim for costs under the
EAJA.

*Daniel Muir v. Commissioner, Social Security Administration*
Civil No. SAG-11-2041
September 9, 2014
Page 2

making a request under § 406(b).  Section 406(b) is silent as to the availability of costs as part of a "reasonable fee."

Mr. Muir did not apply for Supplemental Security Income or file a motion for leave to proceed *in forma pauperis*, so the court will assume that he is not indigent and payment of the filing fee should have been his responsibility.  Thus, it does not unfairly penalize Mr. Muir to reimburse his counsel out of his past due benefits for paying the fee on his behalf.  In addition, counsel's overall fees in this case were extremely reasonable, even with the filing fee included.  Because payment of the filing fee was a reasonable cost associated with counsel's representation in this case, it will be awarded as a component of the reasonable fee for that representation.

Although I find that counsel's failure to request reimbursement of the filing fee does not preclude its award under the SSA in this case, the EAJA is the more appropriate statute under which Plaintiff should petition for both costs and attorney's fees.  In the future, counsel should request relief under that statute.  Finally, in 2011, when Mr. Muir's case was initiated, the filing fee was $350.00, as the first docket entry accurately reflects.  Because Mr. Tully's request for attorney's fees incorrectly lists the fee at $400.00, the current filing fee, I will accordingly reduce the total award by $50.00.

For the reasons set forth herein, Mr. Tully's motion for attorney's fees (ECF No. 29) will be GRANTED for $2,030.00, and DENIED as to the $50.00 which is in error.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge